TOLERTON AND WARFIELD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45320. Promulgated June 29, 1931.

*Allen G. Gartner, Esq.,* for the petitioner.
*Eugene Meacham, Esq.,* for the respondent.

894

ARUNDELL: Although the Tackaberry Company owned 100 per cent of the stock of the Realty Company, each filed separate returns for the fiscal year ended January 31, 1924. For the period from February 1 to April 26, 1924, these two companies filed consolidated returns and while this action is not explained it is not contested. On April 26, 1924, the petitioner acquired 100 per cent of the stock of the Tackaberry Company, thus making possible the filing of consolidated returns by all three companies. The petitioner in a consolidated return reported its income for the calendar year 1924, together with the income of the Tackaberry and Realty Companies for the period from April 26 to December 31, 1924. The respondent refused to accept the returns so filed and insisted that the petitioner file a separate return for the period from January 1 to April 26, 1924, and that the consolidated return for all three companies cover only the period from April 26, 1924, to December 31, 1924. We agree with the respondent's action. *American La Dentelle, Inc.*, 1 B. T. A. 575; *American Steel Co.*, 7 B. T. A. 641; *Fidelity National Bank v. Commissioner*, 39 Fed. (2d) 58.

The Tackaberry and Realty Companies had net losses of $29,025.60 and $695.75, respectively, for the fiscal year ended January 31, 1924. For the short period from February 1, 1924, to April 26, 1924, the Tackaberry Company had a net loss of $45,792.28 and the Realty Company had net income of $2,447.33, more than enough to absorb the net loss of the Realty Company for the period ended January 31, 1924. As a result of respondent's action in requiring a separate return for petitioner covering the period from January 1, 1924, to April 26, 1924, petitioner is shown to have sustained a net loss of $17,906.60, the amount of which is not in dispute if respondent's requirement is in accordance with the law.

Section 200 of the Revenue Act of 1924 defines a taxable year as including any fractional part of a year for which a return is made under the law or under regulations prescribed by the Commissioner. As above pointed out, we have construed the law as requiring a return to be made for the short period, February 1 to April 26, 1924, with respect to the Tackaberry and Realty Companies, and for the period January 1 to April 26, 1924, as to the petitioner. These short periods therefore constitute taxable years and are to be treated as such in the allowance of net losses.

Under our decisions in *Ben Ginsburg Co.*, 19 B. T. A. 81; *National Slag Co. v. Commissioner*, 47 Fed. (2d) 846; *Arrow Coal & Ice Co.*, 22 B. T. A. 1341, and other cases cited in the latter opinion, the net losses sustained by the constituent corporations prior to affiliation are allowable deductions in computing consolidated net income.

Accordingly, in this case the net loss of the Tackaberry Company for the year ended January 31, 1924, and for the period February 1 to April 26, 1924, may be carried forward and used in computing consolidated net income for the period April 26 to December 31, 1924. Likewise, petitioner's net loss for the period January 1 to April 26, 1924, may be used in computing consolidated net income for the period April 26 to December 31, 1924. Any unabsorbed net loss for the periods ended April 26 and December 31, 1924, may be carried forward and used in computing consolidated net income for the year 1925.

*Decision will be entered under Rule 50.*